IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ALLEN J. DEMOCH                                                    PLAINTIFF

V.                              No. 4:23-CV-00510-BRW-ERE

KILOLO KIJAKAZI, Acting
Commissioner of Social Security                      DEFENDANT

<u>RECOMMENDED DISPOSITION</u>

This Recommendation Disposition ("RD") has been sent to United States District Judge Billy Roy Wilson. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Wilson can adopt this RD without independently reviewing the record.

I.    **Background**

On December 9, 2020, Mr. Allen Democh protectively filed an application for benefits due to herniated discs, depression, and anxiety. *Tr. 14, 203.*

Mr. Democh's claim was denied initially and upon reconsideration. At Mr. Democh's request, an Administrative Law Judge ("ALJ") held a telephonic hearing on March 29, 2022, where Mr. Democh appeared with his lawyer, and the ALJ heard testimony from Mr. Democh and a vocational expert ("VE"). *Tr. 37-42.* The ALJ issued a decision on June 17, 2022, finding that Mr. Democh was not

1

disabled. *Tr. 11-36.* The Appeals Council denied Mr. Democh's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6.*

Mr. Democh, who was twenty-six years old at the time of the hearing, graduated high school and has past relevant work experience as a cashier/checker and a material handler. *Tr. 44-45, 64.*

## II.    The ALJ's Decision[1]

The ALJ found that Mr. Democh had not engaged in substantial gainful activity since December 9, 2020, the application date, and his alleged onset date is February 23, 2017. *Tr. 14, 17.* The ALJ also concluded that Mr. Democh had the following severe impairments: lumbar osteoarthritis/degenerative disc disease, lumbar spondylosis, chronic pain syndrome, schizoaffective disorder, unspecified bipolar disorder and related disorder, and obsessive-compulsive disorder ("OCD"). *Tr. 17.* However, the ALJ concluded that Mr. Democh did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

According to the ALJ, Mr. Democh had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) only occasional

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

climbing ramps and stairs but never climbing ladders ropes or scaffolds; (2) occasional balancing, stooping, kneeling, crouching, and crawling; (3) must avoid concentrated exposure to extreme temperatures, humidity, vibration, and hazards, *i.e.*, no work at unprotected heights or around dangerous moving machinery and no driving as part of work; (4) only occasional interpersonal contact that is routine but superficial; (5) complexity of tasks is learned by experience, where tasks involve several variables and use of judgment within limits; and (6) required supervision is little for routine tasks but detailed for non-routine tasks. *Tr. 19*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy, including retail marker, office helper, and mail clerk. *Tr. 29, 66*. Accordingly, the ALJ determined that Mr. Democh was not disabled.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th

Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B.    Mr. Democh's Arguments for Reversal.**

Mr. Democh contends that the Commissioner's decision is not supported by substantial evidence, because the ALJ erred by: (1) failing to fully and fairly develop the record; (2) improperly assessing his credibility; and (3) finding an RFC exceeding his ability. *Doc. 10 at 2.* After carefully reviewing the record as a whole, the undersigned recommends affirming the Commissioner.

**C.    Analysis**

**1.    Developing the Record Further Was Not Necessary.**

Mr. Democh argues the ALJ failed to develop the record regarding his mental residual functional capacity ("MFRC") because he denied Mr. Democh's request for a  mental source consultative examination ("MSCE"), resulting in an absence of examining source opinion evidence. *Id. at 7-8.*

"[T]he ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to

determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). Mr. Democh "has the burden to offer the evidence necessary to make a valid decision about [his] claim." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). He "bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure." *Combs v. Astrue*, 243 F. App'x 200, 204 (8th Cir. 2007). "[A]n ALJ does have a duty to develop the record, [but] this duty is not never-ending . . . ." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011).

The ALJ was not required to order an updated MSCE. Mr. Democh alleged a disability onset date of February 23, 2017, but his application date was December 9, 2020. The ALJ noted that Dr. Rachel Morrisey's January 20, 2021, MSCE found that Mr. Democh was capable of semiskilled work. *Tr. 26, 74-85.* This finding was affirmed, on reconsideration, by Diane Kogut, Ph.D. *Tr. 96-98.* The ALJ had enough evidence to determine the RFC. Nothing in the record supports a finding that another MSCE was necessary.

Additionally, the ALJ relied on more than just the MSCE to support his findings on Mr. Democh's mental impairments. The ALJ noted that "semiskilled work is consistent with the exam notes of the claimant's own mental providers showing that when he was complaint with medication, his mental condition was

largely stable . . . ." *Tr. 26*. This finding is well-supported, because Mr. Democh repeatedly reported, between 2019 and 2022, that his mood, OCD, and bipolar conditions were stable. *Tr. 458, 459, 608, 612, 622, 655, 657, 845, 855, 865, 869, 876.* Additionally, in December 2020, Mr. Democh reported that his mental health "medications [were] effective and request[ed] to continue without change." *Tr. 598*. "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

The ALJ also recognized that Mr. Democh's activities of daily living were consistent with the ability to perform light work with limitations accounting for his mental impairments. The ALJ noted that Mr. Democh "could play cards with friends for up to 3 hours, go on vacation, and have relationships with others." *Tr. 26.* Mr. Democh also indicated that he was not limited in attending social events. *Tr. 491.* Ultimately, the ALJ correctly noted that Mr. Democh's "[m]ental exams were . . . largely normal . . . ." *Tr. 21*.

Substantial evidence, including the medical evidence, supports the ALJ's RFC finding. The ALJ was not required to develop the record further.

### 2.    The ALJ's Credibility Analysis Was Adequate.

Mr. Democh asserts that the ALJ did not comply with the *Polaski* factors but, instead, the ALJ simply said they "had been considered, without reference to a single inconsistency." *Doc. 10 at 13.*

The Court normally should defer to an ALJ's credibility determination. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the credibility of a claimant's subjective complaints, an ALJ must consider the *Polaski* factors, which include "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010) (quotation omitted) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). Also relevant is the absence of objective medical evidence supporting the claimant's subjective complaints, although the ALJ cannot discount a claimant's credibility based on this consideration alone. *Id*. at 932. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision as long as it is clear that they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

Contrary to Mr. Democh's argument, the ALJ considered Mr. Democh's activities of daily living, as well as the medical evidence, and weighed them against his subjective complaints. As mentioned earlier regarding Mr. Democh's mental impairments, the ALJ noted that Mr. Democh "could play cards with friends for up to 3 hours, go on vacation, . . . have relationships with others," and

attend social events without issue. *Tr. 26, 491.* As to physical impairments, the ALJ pointed out that Mr. Democh mowed a two-acre lawn twice in one day, transported a hot water heater to the dump, cooked for himself, walked the dog three times a day, cleaned out cat boxes, and could carry groceries. *Tr. 22, 23, 490, 491, 714, 770.*

Mr. Democh's treatment providers also recommended increased exercise and "low impact aerobics." *Tr. 21, 299, 304, 312, 744, 748.* "A lack of functional restrictions on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

Based on the evidence as a whole, the ALJ's findings were supported by the record, and no reason exists to depart from the deference normally given to the ALJ's credibility determination.

### 3.    The RFC Finding is Supported by the Record as a Whole.

Mr. Democh contends that the ALJ's RFC finding is erroneous, because the ALJ "created his own interpretation of the subsequent medical evidence . . . to arrive at his substantially altered RFC." *Doc. 10 at 15.* Specifically, Mr. Democh points out that "[t]he DDS consultants opined to light [work] with no postural, no manipulatives, no visual, no communicative, and no environmental restrictions." *Id*. However, the ALJ relied on other opinion evidence to come up with a more

limited RFC. If error at all, it is harmless. In fact, it is to Mr. Democh's benefit, rather than detriment. "Nothing before the Court shows, and indeed plaintiff does not argue, that a less restrictive mental RFC would have resulted in a finding of disability . . . [or] been decided differently in the absence of the ALJ's claimed error in determining plaintiff's RFC, any such error was harmless." *Wiley v. Colvin*, No. 4:14CV330-TIA, 2015 WL 1411943, at *9 (E.D. Mo. Mar. 26, 2015) (citing *Byes v. Astrue*, 687 F.3d 913, 917–18 (8th Cir. 2012)).

Mr. Democh bears the burden of proving his RFC, which represents the most he can do despite the combined effects of his credible limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own descriptions of his limitations." *Id*. "[T]here is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

As mentioned earlier, Mr. Democh's activities of daily living are consistent with the ALJ's finding that Mr. Democh could perform a reduced range of light work. Additionally, the ALJ addressed the fact that Mr. Democh regularly had "normal exams and that conservative treatment was managing his pain and mental conditions. *Tr. 24-25*. In 2020, Mr. Democh's treating providers discontinued

9

opioid medication after finding that it was "not indicated currently," considering that Mr. Democh "went one month without any significant increase in pain . . . ." *Tr. 312*. Mr. Democh also reported that his pain was manageable with medications. *Tr. 555, 557, 561*. See *Estes*, 275 F.3d at 725.

The RFC finding reflected those limitations which the ALJ found to be credible, and it is supported by the medical evidence as a whole.

## IV.     Conclusion

The ALJ applied proper legal standards in evaluating Mr. Democh's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

Dated 15 December 2023.

_____
UNITED STATES MAGISTRATE JUDGE